**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

THOMAS BURRELL                                                                                          PLAINTIFF

V.                                                                                          NO. 4:17-CV-170-DMB-RP

WAYNE CARLISLE, Individually;
WAYNE CARLISLE FARMS; and
DEER CREEK FARM, INC.                                                                            DEFENDANTS

**ORDER**

Before the Court are several motions for injunctive relief filed by Thomas Burrell. Docs. #21, #43, #47, #54.

**I**
**Procedural History**

On December 4, 2017, Thomas Burrell filed a complaint in the United States District Court for the Northern District of Mississippi, naming as defendants Wayne Carlisle, Wayne Carlisle Farms (collectively, "Carlisle"), and Deer Creek[1] Farm, Inc. Doc. #1. On January 11, 2018, Burrell filed an amended complaint against the same defendants regarding his sublease of three tracts of farm land, alleging claims for breach of contract, tortious breach of contract, intentional misrepresentation (fraud), promissory estoppel, equitable estoppel and detrimental reliance, civil conspiracy, and race discrimination pursuant to 42 U.S.C. § 1981. Doc. #2.

On February 6, 2018, Carlisle filed an answer[2] to the amended complaint and counterclaims for breach of contract, costs of enforcement, trespass, and fraud. Doc. #4. Eight days later, Deer

---

[1] The initial complaint identified this entity as "Deere Creek," which the amended complaint corrected to "Deer Creek."

[2] In its answer, Carlisle represents that "'Wayne Carlisle Farms' is not a separate legal entity in [Mississippi]. The Defendant, Wayne Carlisle, uses 'Carlisle Farms' as a name under which he conducts business as an individual proprietor." Doc. #4 at 1 n.1.

Creek filed an answer to the amended complaint.[3]  Doc. #10.

On April 9, 2018, Burrell filed a "Motion for a Temporary Restraining Order and Preliminary Injunction" ("TRO Motion") seeking to enjoin the defendants from removing him from "farmland on which he currently has crops, and from banning him from reentry to continue farming operations and to harvest crops."[4]  Doc. #21 at 3.  Four days later, this Court held a telephonic status conference with the parties regarding, among other things, the TRO Motion.  Doc. #27.

On June 7, 2018, Burrell filed an "Emergency Motion for Authority to Access Land and Harvest Crops and Interim Relief" ("Emergency Motion") seeking "to access Tracts [to] harvest wheat crops that are his property but are currently in the possession and control of … Carlisle" and to "enjoin[] … Carlisle from harvesting the wheat crops" pending the Emergency Motion's resolution.  Doc. #43 at 1–2.  Four days later, on June 11, 2018, Burrell filed an "Amended Emergency Motion for Authority to Access Land and Harvest Crops and Interim Relief" ("Amended Emergency Motion") seeking the same relief to access and harvest as in the Emergency Motion plus "interim relief, including authority to take possession of any harvested wheat crop and the imposition of an escrow and an accounting of any proceeds from any sale of the wheat crop by … Carlisle."  Doc. #47 at 1.  That day, the Court held a telephonic status

---

[3] Burrell filed a second amended complaint on July 30, 2018, without leave of the Court.  Doc. #71.  On September 13, 2018, United States Magistrate Judge Roy Percy struck the second amended complaint on the defendants' motion.  Doc. #79.  On September 27, 2018, Burrell filed an appeal of Judge Percy's ruling striking the second amended complaint, Doc. #81, which the Court will address by separate order.

[4] The motion also asks the Court to direct Carlisle "to make reasonable efforts to renew a certain assignment between Mr. Burrell and the State of Mississippi."  Doc. #21 at 3.  In an affidavit, Burrell avers that, on March 13, 2018, an employee of the State of Mississippi informed him through an intermediary that his assignment of land from the State had ended in January of that year, and that two days later, an employee of Carlisle reentered the premises, pursuant to Carlisle's own sublease with the State, and removed Burrell from two tracts.  Doc. #54-4 at 1–2.  Burrell had been evicted from a third tract owned by Deer Creek Farm and subleased from Carlisle on December 12, 2017, by order of the Justice Court of Sunflower County, Mississippi.  *See* Doc. #21-13.

conference with the parties and set a hearing on the Amended Emergency Motion for June 13, 2018. Docs. #49, #51. The next day, Burrell filed a "Second Amended Emergency Motion for Authority to Access Land and Harvest Crops and Interim Relief" ("Second Emergency Motion") seeking the same relief as that in the Amended Emergency Motion. Doc. #54.

On June 13, 2018, the Court held a hearing on the Amended Emergency Motion.[5] Doc. #58. At the hearing, Burrell withdrew the Emergency Motion.[6] Also at the hearing, Carlisle's counsel represented that the crop had been harvested and stored by Carlisle in a grain elevator and then sold, and that the proceeds of the sale would be set aside and an accounting made.[7]

## II
## Analysis

In light of Burrell's withdrawal of the Emergency Motion, the Emergency Motion will be terminated.

The TRO Motion, the Amended Emergency Motion, and the Second Emergency Motion will be denied for other reasons. As represented at the June 13 hearing, without dispute by Burrell, the crop at issue has been harvested and stored by Carlisle, with Carlisle pledging to set aside and account for the proceeds. So, to the extent Burrell's motions seek injunctive relief related to access and possession of the crop,[8] they are moot. *See Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.

---

[5] The Court deferred the Second Emergency Motion—which, unlike the Amended Emergency Motion, encompassed land owned by Deer Creek—after Deer Creek's counsel represented that he had not received it in time to prepare for hearing.

[6] Three weeks after the hearing, Burrell moved to represent himself pro se in substitution for his attorneys of record. Doc. #62. On July 18, 2018, Judge Roy Percy allowed the withdrawal of Burrell's attorneys of record and permitted Burrell to proceed pro se. Doc. #68.

[7] During a January 10, 2019, in-person status conference noticed by the Court, at which counsel of record for Carlisle did not appear, Deer Creek's counsel advised that Carlisle had died. On January 24, 2019, Angela Welting, the personal representative of the estate of Wayne Carlisle, filed a suggestion of death stating that Carlisle died on January 5, 2019. Doc. #86.

[8] It appears the request to require "reasonable efforts to renew a certain assignment," if such assignment existed, is also moot to the extent the period of assignment passed. If not moot, though the Court questions whether it has authority to order such relief, Burrell may seek reconsideration.

2012) ("Generally, a request for an injunction is moot upon the happening of the event sought to be enjoined.") (internal quotation marks omitted).  Additionally, because the Court concludes that the remaining question of which party is entitled to the crop proceeds does not warrant emergency relief under the circumstances,[9] the TRO Motion, the Amended Emergency Motion, and the Second Emergency Motion will be denied.

### III
### Conclusion

The Clerk of the Court is **DIRECTED** to terminate the withdrawn Emergency Motion [43].  Burrell's remaining motions for injunctive relief [21][47][54] are **DENIED**.

**SO ORDERED**, this 20th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] On June 21, 2018, consistent with Carlisle's pledge to account for the proceeds of the crop's sale, Carlisle's counsel submitted to the Court by e-mail various documents—such as leases, contracts, tickets, and receipts—regarding the wheat crop at issue.  The correspondence accompanying these documents represents that Carlisle deposited the relevant proceeds into his account to hold (and not use for farming operations) pending a ruling of the Court.  On June 22 and July 3, 2018, Burrell's counsel submitted documentation—such as receipts, insurance schedules, and checks—of costs and expenses Burrell had incurred in planting the wheat crop.  These documents submitted by the parties have not formally been made part of the record.  However, in light of their submission, the Court concludes that the issue of the crop proceeds does not rise to the level of an emergency and is rather one best suited to discovery.  Regardless, given that the parties apparently agree an accounting will be done, and to the extent their submissions reflect their efforts in that regard, the request for an accounting by means of injunctive relief is moot.