# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THOMAS BURRELL**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 4:17-CV-170-DMB-RP**

**ANGELA WELTING, et al.**                                                                                    **DEFENDANTS**

## ORDER

On March 13, 2019, Thomas Burrell filed an "Appeal from Magistrate's Ruling" in which he challenges United States Magistrate Judge Roy Percy's February 28, 2019, order ("Appealed Order"). Doc. #89.

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L.U. Civ. R. 72(a)(1)(B) ("No ruling of a magistrate judge ... will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.").

The Appealed Order denied as moot Burrell's motion[1] for reconsideration of Judge Percy's October 19, 2018, order,[2] which denied Burrell's motion[3] to extend the discovery deadline ("Discovery Order"). Doc. #88. In the Appealed Order, Judge Percy stated that Burrell's motion

---

[1] Doc. #87.

[2] Doc. #83.

[3] Doc. #82.

for reconsideration was "duplicative of the relief … sought" by Burrell in a September 27, 2018,[4] appeal. *Id*. at 1. However, the September 2018 appeal did *not* challenge the Discovery Order on which Burrell sought reconsideration. Rather, it appealed an earlier order striking Burrell's second amended complaint. Doc. #81. Accordingly, the motion for reconsideration was not moot.[5] Nevertheless, the motion for reconsideration was properly denied.

In his motion to extend the discovery deadline, Burrell argued that he needed additional time "to study the relevant statu[t]es and materials pertinent to the facts obtained from the depositions and court testimony." Doc. #82 at 1. In the Discovery Order, Judge Percy denied the motion because Burrell had not "provided the court with any explanation which would necessitate an extension of the discovery deadline," had not "identified any additional discovery that he needs to complete," and "may continue to study any relevant statutes or other materials outside of the discovery deadline." Doc. #83. Considering Judge Percy's reasons for denying Burrell's motion to extend the discovery deadline, the Court finds that the ultimate decision to deny reconsideration of that ruling was neither clearly erroneous nor contrary to law. Accordingly, Burrell's appeal [89] is **DENIED**.

**SO ORDERED**, this 3rd day of October, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] The Appealed Order incorrectly states the year of the purportedly "duplicative" appeal as 2019 instead of 2018. This is an obvious typographical error because, at the time, no other appeal had been filed other than the one Burrell filed on September 27, 2018.

[5] Even if the September 2018 appeal had addressed the discovery order, this fact would not have mooted the appeal at issue here unless the *relief sought* was granted.